**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **WALTER MEJIAS GAMES,**<br>    **Petitioner,** | § § § | |
| **v.** | § § | **EP-26-CV-01634-DB** |
| **MICHAEL WALKING**, *et al.,*<br>    **Respondents.** | § § § § § | |
| **WALTER MEJIAS GAMES,**<br><br>    **Petitioner,** | § § § § | |
| **v.** | § § | **EP-26-CV-01723-DB** |
| **MICHAEL WALKING**, *et al.,*<br>    **Respondents.** | § § § | |

## ORDER

On this day, the Court considered the above-captioned case. On June 12, 2026, Petitioner Walter Mejias Games ("Petitioner") filed an "Application to Proceed in District Court Without Prepaying Fees or Costs," ECF No. 1.[1] On June 16, 2026, the Court issued an order granting Petitioner leave to proceed in forma pauperis ("IFP") and directing the District Clerk's Office to file Petitioner's "Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241," ECF No. 3. However, because the Court found Petitioner failed to plead sufficient facts demonstrating she is being held in violation of the Constitution or the laws of the United States, the Court ordered Petitioner to either: "(1) amend his Petition such that a viable claim for habeas relief is established; or (2) hire an attorney to represent him in this matter and file an amended Petition on his behalf."

---

[1] All references in this Order are to the docket in case EP-26-CV-1634-DB unless otherwise noted.

ECF No. 5 at 2. On June 24, 2026, Petitioner filed a second motion to proceed in forma pauperis, seeking to file what appears to be an amended petition as instructed. *See generally Mejias Games v. Walking*, 3:26-cv-1723-DB (W.D. Tex. June 24, 2026), ECF No. 1.

Pursuant to Federal Rule of Civil Procedure 42(a), a district court has broad discretion to consolidate actions pending before it if they involve a common question of law or fact. FED. R. CIV. P. 42(a); *Hall v. Hall*, 584 U.S. 59, 77 (2018). When deciding whether to exercise that discretion, courts consider factors including (1) whether the actions are pending before the same court; (2) whether common parties are involved; (3) whether any risk of prejudice or confusion is outweighed by the risk of inconsistent adjudications; and (4) whether consolidation will conserve judicial resources. *Clark v. PNC Bank*, N.A., No. 5:13-cv-799-XR, 2013 WL 6668674, at *1 (W.D. Tex. Dec. 17, 2013) (citation omitted). Consolidation alone "does not merge suits into a single cause[] or change the rights of the parties." *In re Excel Corp.*, 106 F.3d 1197, 1201 (5th Cir. 1997) (quoting *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496–97 (1933)). Because "merger is never so complete in consolidation as to deprive any party of any substantial rights which he may have possessed had the actions proceeded separately," courts must issue independent "verdicts and judgments" for consolidated cases. *Hall*, 584 U.S. at 76 (quotation omitted).

Here, all factors weigh in favor of consolidation. In Cause No. EP-26-CV-1723-DB, Petitioner's allegations are significantly more detailed, but the core of his allegations remain unchanged and the relief he requests is the same. The two cases are pending before this Court. Petitioner is the same individual in both cases, and the claims in both cases are brought against actors in the federal government who are responsible for Petitioner's detention. Consolidating the cases would alleviate any potential confusion, streamline the adjudication of all claims, and

conserve judicial resources. Accordingly, it is appropriate to consolidate Petitioner's new case into EP-26-CV-01634-DB.

Accordingly, **IT IS HEREBY ORDERED** that case EP-26-CV-1723-DB be **CONSOLIDATED** into case EP-26-CV-01634-DB.

**IT IS FURTHER ORDERED** that the Clerk shall **FILE** this Order in both case EP-26-CV-01723-DB and EP-26-CV-1634-DB.

**IT IS FURTHER ORDERED** that the District Clerk's Office may take any additional steps necessary to effectuate this consolidation.

**IT IS FURTHER ORDERED** that the parties shall **FILE** all future filings in case EP-26-CV-01634-DB.

**IT IS FINALLY ORDERED** the District Clerk's Office **SHALL MAIL** a copy of this order to Petitioner's address on file.

**SIGNED** this **17th** day of **July 2026**.

_____
**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**