**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **WALTER MEJIAS GAMES,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | |
| | § | **EP-26-CV-01634-DB** |
| | § | |
| **MICHAEL WALKING**, *et al.*, | § | |
| **Respondents.** | § | |

## <u>ORDER</u>

On this day, the Court considered the above-captioned case. On July 29, 2026, Petitioner

Walter Mejias Games filed an amended "Petition for a Writ of Habeas Corpus Under 22 U.S.C.

2241," ECF No. 11. Petitioner is currently detained at the Camp East Montana detention facility

in El Paso, Texas in the Western District of Texas. *Id.* at 1. He argues his detention is unlawful and

asks the Court to order his immediate release. *Id.* at 7.

A. Petitioner's Case

 Petitioner is a Venezuelan national who entered the United States in 2023. ECF No. 16 at 8.

Upon arrival, Petitioner presented himself, or was otherwise apprehended, near the port of entry

and temporarily paroled into the country. *Id.* Petitioner's parole ended on January 25, 2024. *Id.* On

November 9, 2025, Petitioner was encountered at the Naples Jail Center after an arrest for Driving

Under the Influence of Alcohol or Drugs. *Id.* On April 1, 2026, Petitioner was transferred to

Immigration and Customs Enforcement ("ICE") custody after he was sentenced. *Id.* To date,

Petitioner has not been provided with an individualized hearing justifying his detention. *See* ECF

11 at 2 (challenging Petitioner's continued detention without a bond hearing and alleging

"immigration authorities" stated they "lack jurisdiction" to provide such a hearing). Construing

the Petition liberally, Petitioner alleges sufficient facts giving rise to a procedural due process claim that his detention without an individualized hearing violates the Fifth Amendment's due process clause.[1]

Petitioner's case, as alleged, is materially indistinguishable from other cases in which this Court has found procedural due process violations. *See Vieira v. De Anda-Ybarra*, 806 F.Supp.3d 690 (W.D. Tex. 2025) (holding that petitioner, who was re-detained after being released on his own recognizance, was entitled to an individualized hearing justifying his detention); *Zafra v. Noem*, No. EP-25-CV-00541-DB, 2025 WL 3239526 (W.D. Tex. Nov. 20, 2025) (holding that petitioner, who entered the United States without inspection but was later detained by immigration officials, was entitled to an individualized hearing justifying his detention); *Hassen v. Noem*, No. EP-26-CV-00048-DB, 2026 WL 446506 (W.D. Tex. Feb. 9, 2026) (holding that petitioner, who was re-detained after being released on humanitarian parole, was entitled to an individualized hearing justifying his detention).

Yet, in their response, ECF No. 16, filed on August 5, 2026, Respondents fail to discuss any of the Court's previous procedural due process decisions or offer any meaningful reasons why this case warrants a different outcome. Instead, Respondents offer the same template arguments this Court has already rejected. *Compare* Response, ECF No. 16 *with Zafra*, 2025 WL 3239526 (rejecting Respondents' argument that Petitioner is receiving or has received due process afforded through removal proceedings in immigration court); *Hassen*, 2026 WL 446506 (rejecting Respondents' argument that Petitioner is subject to mandatory detention under 8 U.S.C. §

---

[1] *Guidroz v. Lynaugh*, 852 F.2d 832, 834 (5th Cir. 1988) ("A habeas petition 'need only set forth facts giving rise to the cause of action.'") (quoting *Bounds v. Smith*, 430 U.S. 817, 825 (1977)).

1225(b)(1) as a noncitizen initially placed in expedited removal proceedings, then transferred to full removal proceedings after establishing a credible fear of persecution or torture); *Morales-Quirino v. De Anda-Ybarra,* No. EP-26-CV-00323-DB (W.D. Tex. Feb. 17, 2026) (rejecting Respondents' argument that the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026) forecloses petitioner's procedural due process challenge); *Rodriguez v. Bondi*, No. EP-26-CV-00292 (W.D. Tex. Feb. 25, 2026) (rejecting Respondents' argument that, pursuant to the immigration entry fiction, petitioner was not entitled to due process, despite being released by DHS); *Diaz Yanez v. Noem*, No. EP-26-CV-486 (W.D. Tex. March 4, 2026) (rejecting Respondents' argument that petitioner's procedural due process claim is foreclosed by the Supreme Court's decision in *Connecticut Department of Public Safety v. Doe*, 538 U.S. 1 (2003)). The Court understands it is Respondents right to preserve their arguments for appeal. However, for the present purposes, they have made no new legal arguments nor any effort to distinguish the facts of this case. Therefore, the same result is warranted in this case.

B. *Sosnava Rodriguez v. Ortega* Appeal

It is necessary to address the effect *Sosnava Rodriguez v. Ortega*, No. 26-50183, an ongoing appeal in the Fifth Circuit, has on the instant order.[2] On July 21, 2026, the Fifth Circuit issued a short, published order, ECF No. 199, containing only the following language:

> IT IS ORDERED that Appellants' opposed motion to refer this motion to en banc court is DENIED AS NECESSARY.

---

[2] Respondents argue the Fifth Circuit's stay order in *Sosnava Rodriguez v. Ortega* mandates this Court to cease granting any immigration habeas relief under due process principles until an *en banc* decision is rendered. ECF No. 16 at 2. As explained herein, and in this Court's order denying Respondents' motion to stay in *Jimenez Ravelo v. De Anda-Ybarra*, No. EP-26-CV-01892-DB (W.D. Tex. July 31, 2026), this Court disagrees. *See* Order Denying Motion to Stay, *Jimenez Ravelo v. De Anda-Ybarra*, No. EP-26-CV-01892-DB (W.D. Tex. July 31, 2026), Dkt. 10.

> IT IS FURTHER ORDERED that Appellants' opposed motion to expedite ruling on the motion for stay of the district court judgments pending rehearing *en banc* is GRANTED.
> IT IS FURTHER ORDERED that Appellants' opposed motion for stay of the district court judgments pending rehearing en banc is GRANTED.

This published order is binding on this Court.[3] However, because the order itself does not dictate the precise legal principle or directive that is binding on lower courts, it is necessary to look at the motion granted to draw its directives. Appellants' motion for stay of the district court judgments pending rehearing *en banc* states:

> In these cases [in the consolidated appeal], the district courts held §1225(b)(2)(A) facially unconstitutional under the Due Process Clause and ordered Petitioners' immediate release from detention. Showing only slightly more modesty, the panel opinion held §1225(b)(2)(A) unconstitutional for all but the first 90 days of detention. . . . The full Court sua sponte ordered that these appeals be reheard en banc and vacated the panel opinion. [] In the meantime, the en banc Court should issue a precedential order staying the district court's judgments pending rehearing by the full Court. That relief is necessary to rectify the lower courts' facial invalidation of §1225(b)(2)(A), and to alleviate the crushing burden being imposed on U.S. Attorneys' Offices and district courts by the continuing flood of habeas petitions.

*Sosnava Rodriguez*, 26-50183, ECF No. 178-1 at 10–11. It follows that the Fifth Circuit's order granting a stay of the district courts' judgments mandates that:

(1) The district court judgments granting the release of appellees in the consolidated appeal be stayed, such that the government may re-detain the three individual appellees;

(2) Lower courts refrain from granting habeas relief to petitioners detained under Section 1225(b)(2)(A) based on any facial unconstitutionality principles; and

(3) Any lower court judgments granting habeas relief on facial unconstitutionality principles be stayed pending appeal.

---

[3] Published opinions are precedential. *See* 5th Cir. R. 47.5.

This Court has not issued any judgments based on Section 1225(b)(2)(A)'s facial unconstitutionality. It has exclusively adjudicated as-applied challenges in the hundreds of petitions it has received.[4] In doing so, this Court has even denied petitions filed by noncitizens detained under Section 1225(b)(2)(A) because their specific circumstances comport with established constitutional principles. *See e.g., Qefalia v. Warden*, 3:26-CV-1577-DB, (W.D. Tex. July 20, 2026) (denying petition for bond hearing or release filed by a noncitizen detained under Section 1225(b)(2)(A) because petitioner had not established ties to the United States and his detention was not unreasonably prolonged). Here, this Court's decision in the instant case, and the hundreds of others it has decided since the Government's change in policy,[5] remains within the bounds of binding precedent and established legal principles. Since the appeal in *Sosnava Rodriguez* took flight, this Court has not altered its legal analysis to adjudicate similar cases. *See Paez-Pina v. Blanche*, No. 3:26-CV-01747, ECF No. 5 at 3 (July 7, 2025) (declining to follow the *Sosnava Rodriguez* panel opinion as binding precedent because the mandate had not been issued).

This Court declines to infer directives of constitutional magnitude from the Fifth Circuit where none have been given. Doing so would require this Court to halt *any action* in the hundreds of habeas cases filed by noncitizens detained under Section 1225(b)(2)(A) based on mere

---

[4] "The distinction between as-applied and facial challenges is sometimes hazy. An as-applied challenge asks whether a law—though constitutional in some circumstances—is nonetheless unconstitutional as applied to [a petitioner]. A facial challenge, by contrast, requires showing that the law is unconstitutional in all of its applications. Facial challenges consider[] only the text of the measure itself, not its application to the specific circumstances. . . ." *United States v. Morgan,* 147 F.4th 522 (5th Cir. 2025) (internal citations and quotations omitted).

[5] *See Vieira*, 806 F.Supp.3d at 701 ("Respondents concede the government has conducted [bond] hearings for the past thirty years until a change in the agency's interpretation of the law.")

speculation of what the *en banc* court will decide and add to the case backlog and volume district courts are already facing. Such judicial inefficiency cannot, and will not, be tolerated.

This Court recognizes its duty to follow precedent set forth by the Fifth Circuit. After all, "[a]lthough it is a vital rule of judicial self-government, stare decisis does not matter for its own sake. It matters because it 'promotes the evenhanded, predictable, and consistent development of legal principles.'" *Payne v. Tennessee,* 501 U.S. 808, 827 (1991). The Fifth Circuit's published order, ECF No. 199, is silent as to the contours of its applicability. After piercing the underlying motion to understand the Fifth Circuit's ruling, it appears facial invalidation of Section 1225(b)(2)(A) is all that is precluded. Therefore, giving the ruling full weight, this Court will not adjudicate any claims regarding the facial constitutionality of the statute. In the same vein, however, this Court must continue to adhere to long standing constitutional principles regarding noncitizens' due process rights, and the distinction between facial and as-applied constitutional challenges, until the Fifth Circuit unambiguously instructs otherwise. This approach does not mean that all noncitizens will succeed in their challenges, but it does mean that each shall receive the individualized determination that remains constitutionally guaranteed to them.

In sum, given the Fifth Circuit has yet to issue a merits decision regarding as-applied challenges, and the order granting the Government's motion for stay of the district courts' judgments appears to only concern judgments holding Section 1225(b)(2)(A) facially unconstitutional, this Court will continue to adhere to as-applied legal precedent as it stood prior to the *Sosnava Rodriguez* appeal.

C. Conclusion

Accordingly, after careful consideration of the undisputed facts in this case as well as the legal conclusions made in *Vieira* and this Court's subsequent immigration habeas cases brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), **IT IS HEREBY ORDERED** Petitioner's amended "Petition for a Writ of Habeas Corpus Under 22 U.S.C. 2241," ECF No. 11, is **GRANTED IN PART** on procedural due process grounds.

**IT IS FURTHER ORDERED** Respondents **SHALL** (1) provide Petitioner with a bond hearing before an immigration judge at which the government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Petitioner's continued detention; **OR** (2) release Petitioner from custody, under reasonable conditions of supervision, during the pendency of their removal proceedings **no later than August 12, 2026.**[6]

**IT IS FURTHER ORDERED** that if Respondents choose to provide a bond hearing in lieu of release, Respondents **SHALL NOTIFY** Petitioner's habeas attorney, if any, of the hearing details at the earliest possible time within the confines of the deadlines set forth herein.

**IT IS FURTHER ORDERED** Respondents **SHALL FILE** an advisory either (1) informing the Court, in detail, of the reasons for the immigration judge's bond hearing decision

---

[6] Respondents are forewarned that a proceeding where an immigration judge denies bond for lack of jurisdiction does not satisfy Respondents' obligation to provide a bond hearing in compliance with the instant Order. In such event, release from custody is *required*.

held in accordance with the above line order, or (2) informing the Court of Petitioner's release **no later than August 17, 2026.**[7]

IT IS FURTHER ORDERED that if Petitioner is released from custody, Respondents SHALL RETURN all personal property in their custody to Petitioner upon release. Such property includes, but is not limited to, identification documents.

IT IS FURTHER ORDERED that, following Petitioner's bond hearing or release, the parties SHALL CONFER and FILE a notice informing the Court whether any matters remain to be resolved in this case **no later than August 24, 2026.**

IT IS FINALLY ORDERED that the District Clerk's Office SHALL OVERNIGHT MAIL a copy of this order to Petitioner at the address on file.

SIGNED this **7th** day of **August 2026**.

_____
THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE

---

[7] The parties are advised that if any of the deadlines ordered herein fall on a Saturday, Sunday, or legal holiday, the compliance period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.